●               Case No. 2,377.

In re CANADY.

[2 Biss. 75;[1] 3 N. B. R. 11 (Quarto, 3); 1 Chi. Leg. News, 113.]

District Court, N. D. Illinois. Dec. Term, 1868.

BANKRUPTCY—DISCHARGE AFTER A YEAR.

1. A discharge may be granted to a bankrupt on an application made more than a year after the adjudication.

[Cited in Re Watson, Case No. 17,273; Re Lowenstein, Id. 8,573.]

2. The true construction of the 29th section gives the court a discretionary power, and, in a proper case, on explanation of the delay, a discharge will be granted.

[Followed in Re Forsyth, 4 Fed. 630.]

In bankruptcy.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

DRUMMOND, District Judge. In this case the clerk has submitted to me an application by the bankrupt for his discharge.

The only objection to the granting of the discharge arises from the fact that the adjudication of bankruptcy was made by the court, on the 5th of December, 1867, and the application was not presented by the bankrupt till after the 5th of December, 1868.

The question is, has the court power to grant the discharge.

The 29th section of the bankrupt law [14 Stat. 531] declares, "That at any time after the expiration of six months from the adjudication of bankruptcy * * * and within one year from the adjudication of bankruptcy, the bankrupt may apply to the court for his discharge from his debts."

It may be thought the implication here is that no discharge can be granted unless application be made within the year, but I am inclined to think that would be rather a narrow construction of the language. The intention obviously was to promote diligence; but there is nothing which in terms forbids the discharge, if the application is made after the year. The words, it will be observed, are permissive. "The bankrupt may apply for his discharge"—not that he must or shall, within one year, so apply.

It will sometimes happen, from various causes, and without any fault of the bankrupt, that the application may be delayed, and, in such case, it would be hard to withhold the discharge. It seems to me more in accordance with the general scope and meaning of the law to construe this clause of the 29th section as giving a discretion to the court to grant or withhold the discharge, according to the circumstances of each case, when application is made after the expiration of the year. If, in a given case, the delay was the result of gross negligence on the part of the bankrupt, the court might well refuse the application. I think, therefore, that the true rule in the case under consideration is, not to grant the discharge as of course, but to permit the bankrupt by affidavit, petition, or otherwise, to explain in writing the causes of the delay; and that will be the practice adopted in the present case, and if the explanation shall prove satisfactory, the usual notice will be given to the creditors to appear and show cause why a discharge should not be granted to the bankrupt.

---

CANAL BOAT.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the boats; e. g. "The Canal Boat Ontario. See Ontario."]