## *In re* FORSYTH, Bankrupt.

(*Circuit Court, D. Indiana.* December 7, 1880.)

1. BANKRUPT—DISCHARGE.—The discharge of an assignee in bankruptcy will not necessarily deprive the bankrupt of the right to a subsequent discharge.

*In re Canady,* 2 Biss. 75.

Petition for discharge after assignee has been discharged.

*Robert E. Jenkins,* for bankrupt.

No appearance for creditors.

DRUMMOND, C. J. On the thirty-first of August, 1878, the petitioner filed his petition in the district court, under the bankrupt law. On the fourteenth of December following he was adjudged a bankrupt, and on January 22, 1879, an assignee was appointed. The petitioner had no assets, and no claim was filed against him. On July 19, 1879, the assignee made application to the register to be discharged, stating that there were no assets belonging to the estate, and no claims had been proved; and on the nineteenth of July, 1879, the register, stating that there was no interest opposing, and that the assignee had performed all the duties required of him, and that the estate had been fully administered, discharged him from all liability as such assignee. In June, 1879, the petitioner wrote to the clerk of the court, making inquiry as to what had been done in his bankruptcy case. He received no answer to his letter, and in August he wrote again, repeating his former inquiry, and in answer to his second letter the clerk informed him that the estate had been settled, and it was too late to make his application for a discharge. On October 16, 1879, the bankrupt filed a petition in the district court, alleging the facts, and also stating that he believed his creditors were willing that he should be discharged, and that he had done no act to prevent his discharge, unless the omission to make application before the assignee was discharged from all liability had that effect.

The petitioner did not employ counsel on filing his original petition, nor in the application that was made to the district

court for his discharge. He stated that the costs in the case had not been paid, but that he was willing to make payment of all the costs; and in the petition in review to this court he alleges that he has paid all costs due. On the seventeenth of October, 1879, the district court refused to grant the application of the bankrupt for his discharge, and it is that order which is sought to be reviewed by the petition in this court. It is intimated, for there is no opinion of the district judge in the case, that the ground upon which the court disallowed the application of the bankrupt was that there had been a final disposition of the cause, and, therefore, it came too late. If this were so, it must have been because the discharge of the assignee from all liability was considered as a final disposition of the cause. But as there were no assets, and no claims proved against the estate, the discharge of the assignee was merely a formal matter, and, indeed, was unnecessary, having nothing to do, in one important particular, at least, with the final dispostion of the cause. Without expressing any opinion as to the regularity of the proceeding before the register, it would seem that it should, in some form, come under the cognizance of the court. There is nothing to indicate that, in this record, nor to show when, if ever, the proceedings before the register were filed in the district court.

I had occasion to consider an application of this kind several years ago, *In re Canady*, 2 Biss. 75. That decision was made under the statute as it then stood, which declared that the bankrupt, at any time after the expiration of six months from the adjudication in bankruptcy, and within one year of the same, might apply to the court for his discharge. It was there held that there was a certain discretion in the court, if proper explanations were given for the delay, to grant the discharge, notwithstanding the application might be made after one year. It would seem as though the bankrupt ought not to be precluded from making an application, unless he has had notice of something to be done which shall constitute the final disposition of the cause. In this case he says he had no notice whatever of the action of the assignee or of the register. We think that a bankruptcy case may be

properly regarded as consisting of two branches—one connected with the estate and its distribution, where there is anything to distribute, and the other relating to the discharge of the bankrupt, which is the important object of the petition to the bankrupt court, so far as he is personally concerned. The law, as it was finally amended upon this subject by the act of 1876, declared that at any time after the expiration of six months from the adjudication in bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee, at any time after the expiration of 60 days, and *before the final disposition of the cause*, the bankrupt might apply to the court for his discharge.

While, in his application to the district court, the bankrupt stated that the costs had not been paid, it is now alleged that they have been; and it seems to me it would be rather hard in such a case as this to deprive the bankrupt of the benefit of his application, simply because of the omission to bring the matter to the attention of the court before the action of the register, upon the application of the assignee on the nineteenth of July, 1879. Unless the true construction of the law, as amended, deprives the court of the right to proceed and grant the discharge, it ought not to be refused, and I do not think that it necessarily follows from the language used that the court is deprived of all power upon the subject simply because the assignee has, in such a case as this, been discharged from all liability. It cannot be considered because of that there has been, in every respect, a final disposition of the cause. On the contrary, it would seem as though, in order to deprive the bankrupt of the right to make his application for a discharge, there should have been some action of the court to the effect that the case had been finally disposed of.

I shall, therefore, remit the cause to the district court, with instructions to allow the application of the bankrupt for his discharge, upon being satisfied that all the costs of the district and circuit courts have been paid.